# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| GEORGE JENKINS, #168825, ) | |
| ) | |
| ) | CIVIL ACTION NO. 9:09-057-RBH-BM |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| WARDEN ROBERT STEVENSON,) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Respondent. ) | |

Petitioner, an inmate with the South Carolina Department of Corrections ("SCDC"), seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed on January 6, 2009.[1]

The Respondent filed a return and motion for summary judgment on May 20, 2009. As the Petitioner is proceeding pro se, a Roseboro order was filed on May 21, 2009, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case.

After receiving an extension of time to respond, Petitioner filed a memorandum in opposition on July 1, 2009, with an additional response being filed on July 2, 2009. This matter is now before the Court for disposition.[2]

---

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988). The filing date marked received in the prison mail room is January 10, 2009, which is apparently an error since the Petition was filed with the Clerk of Court on January 9, 2009. Therefore, the undersigned has used the date of the Petition itself as the filing date for limitations purposes.

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local

(continued...)



# Procedural History

Petitioner was indicted in April 2004 in Richland County for petit larceny [Indictment No. 04-GS-40-7103]; 2nd degree burglary [Indictment No. 04-GS-40-7104]; petit larceny [Indictment No. 04-GS-40-7105]; 2nd degree burglary [Indictment No. 04-GS-40-7106]; petit larceny [Indictment No. 04-GS-40-7107]; 1st degree burglary [Indictment No. 04-GS-40-7108]; 2nd degree burglary [Indictment No. 04-GS-40-7109]; grand larceny [Indictment No. 04-GS-40-7110]; 1st degree burglary [Indictment No. 04-GS-40-7111]; grand larceny [Indictment No. 04-GS-40-7112]; petit larceny [Indictment No. 04-GS-40-7113]; Grand Larceny [Indictment No. 04-GS-40-7114]; petit larceny [Indictment No. 04-GS-40-7115]; and 1st degree burglary [Indictment No. 04-GS-40-7116]. (R.pp. 108-111, 113-115, 117-121, 123-124); see also Indictments. At the May 2004 term, the Richland County Grand Jury indicted Petitioner for failure to stop fo a blue light [Indictment No. 04-GS-40-2880]. (R.p. 112); see also Indictments. At the June 2004 term, the Richland County Grand Jury indicted Petitioner for petit larceny [Indictment No. 04-GS-40-4303] and 1st degree burglary [Indictment No. 04-GS-40-4304]. (R.pp. 100-102, 116, 122); see also Indictments.

Petitioner was represented on these charges by Assistant Public Defender April W. Sampson, and on April 8, 2005, pled guilty to the charges. (R.pp. 1-32). In return for the plea, the State agreed: (1) to reduce all the 1st degree burglary charges to second degree burglary, and (2) to not oppose concurrent sentencing, although the State could ask for the maximum on each charge. (R.pp. 5, 14, 23). The trial judge sentenced Petitioner to a term of imprisonment of a total of forty (40) years, by giving Petitioner consecutive sentences of fifteen (15) years on Indictment 7108, fifteen (15) years on Indictment 7109, and ten (10) years on Indictment 4304. Petitioner was then

---

²(...continued)
Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



sentenced to concurrent sentences of fifteen (15) years on the remaining burglary charges, five (5) years on the grand larceny charges, three (3) years for failure to stop, and thirty (30) days on each of the petit larceny charges. (R.pp. 30-31). Petitioner did not appeal his convictions or sentences.

On July 7, 2005, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. Jenkins v. State of South Carolina, No. 05-CP-40-3287; (R.p. 33). Petitioner raised the following issues in his APCR:

**Ground One**: Ineffective Assistance of Counsel;

**Ground Two**: Guilty Plea was not knowingly, intelligently, and voluntarily made;

**Ground Three**: Counsel failed to put plea agreement on the Record.

(R.p. 34).

Petitioner subsequently filed an amended APCR dated May 25, 2006, in which he raised the following issues:

A. Was the plea invalid due to a promised particular sentence not upheld by the trial court judge?

B. Were the pleas in violation of Boykin v. Alabama?

C. Was the pleas in violation of South Carolina Law?

D. Did the Judge's bias result in an invalid plea conviction and sentence?

(R.p. 48).

Petitioner was represented in his APCR by Tara Shurling, Esquire, and an evidentiary hearing was held on Petitioner's application on December 4, 2006. (R.pp. 71-92). On April 17, 2007, the PCR judge entered an order denying Petitioner's PCR claims. (R.pp. 93-99).

Petitioner timely filed a notice of appeal. Petitioner was represented on appeal by Robert M. Pachak, Assistant Appellate Defender with the Office of Appellate Defense, who filed a

3



Johnson[3] brief seeking to be relieved and raising the following issue:

> Whether there was any evidence to support the PCR judge's findings that petitioner was not entitled to a belated appeal of his guilty plea?

See Petition, p. 2.

Petitioner also filed a pro se brief in support of his appeal and raised additional issues. See Pro Se Brief, p. 2.

On March 20, 2008, the South Carolina Supreme Court denied counsel's request to be relieved and ordered further briefing of the following issue:

> Was petitioner's plea knowingly and voluntarily entered due to the sentence imposed?

See Order dated March 20, 2008.

Petitioner's counsel then filed a Petition for Writ of Certiorari dated April 16, 2008, addressing this issue, following which the South Carolina Supreme Court denied certiorari on November 19, 2008. See Order dated November 19, 2008. The Remittitur was issued on December 5, 2008. See Remittitur.

In his Petition for writ of habeas corpus filed in United States District Court, Petitioner raises the following grounds:

> **Ground One:** Petitioner's plea was not knowingly and voluntarily entered due to the sentence imposed.
>
> Trial counsel for Petitioner informed Petitioner that if Petitioner pled guilty his sentences would run concurrent and Petitioner would face a maximum of fifteen years in prison. Petitioner pled guilty and received forty years. Petitioner would not have pled guilty and would have insisted on going to trial but for counsel's erroneous advice.
>
> **Ground Two:** Petitioner was denied a direct appeal.

---

[3] Johnson v. State, 364 S.E.2d 201 (S.C. 1998); see also Anders v. California, 386 U.S. 738, 744 (1967).

4



> Immediately following his sentencing, Petitioner informed trial counsel that he wanted her to file a direct appeal for him. Counsel agreed to file the appeal but never did.

See Petition, pp. 6-7.

## Discussion

Respondent has moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

## I.

Petitioner argues in Ground One of his Petition that his counsel told him that his sentences would run concurrently and he would face a maximum of fifteen (15) years in jail, that his counsel was ineffective by giving him this erroneous advice, and that he would not have pled guilty if he had known that he would receive forty (40) years. In Ground Two, Petitioner contends that he instructed his counsel to file a direct appeal, but that counsel failed to do so. These issues were raised in Petitioner's APCR, where Petitioner had the burden of proving the allegations in his petition.



Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986).[4]

The PCR court rejected these claims, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Jenkins v. South Carolina, No. 05-CP-40-3287. Specifically, the PCR judge found that: 1) as to the allegation the Petitioner's guilty plea was invalid due to a promised particular sentence not upheld by the trial court judge, this allegation was without merit; 2) Petitioner testified that his counsel told him that he would receive a fifteen (15) year sentence; 3) Petitioner's plea counsel testified that the plea was not a negotiated sentence; 4) counsel also testified that she discussed the potential sentences for each charge as well as a potential aggregate sentence with Petitioner; 5) the Solicitor recommended concurrent sentences for Petitioner's convictions; 6) the judge at Petitioner's plea advised Petitioner that he was not bound by the state's recommendation; 7) the Petitioner acknowledged that he understood that the judge was not bound by the recommendation; 8) it was clear from the record that Petitioner was apprised of the charges he was facing as well as the potential sentences for the charges; 9) after being fully informed, Petitioner chose to plead guilty; 10) Petitioner's counsel testified that Petitioner appeared coherent on the date of the plea and appeared to understand what was transpiring; 11) accordingly, this allegation was denied and dismissed; 12) as to the allegation of ineffective assistance in that counsel failed to file an appeal, this claim was without merit; 13) counsel had a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either: (a) that a rational defendant would want to appeal, or (b) that this particular defendant reasonably demonstrated to counsel that he was interested in appeal; 14) counsel testified that she specifically asked Petitioner whether he wanted to appeal his plea and he indicated he did

---

[4] The PCR Court appears to have addressed Petitioner's first claim as a failure by the Court to comply with the requirements of the plea agreement, while the second claim was addressed as an ineffective assistance of counsel claim. (R.pp. 96-98).



not wish to do so; 15) counsel testified that she also had a notation in her file to the effect that Petitioner did not wish to appeal; 19) further, counsel testified that she could think of no meritorious issues that could be appealed; and 17) accordingly, this allegation was denied and dismissed. (R.pp. 96-98).

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001). However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)).

Nevertheless, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000). Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312



[Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's claims, including his ineffective assistance of counsel claims.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. Further, where a guilty plea is involved, in order to show prejudice a Petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

## II.

With regard to Ground One, after careful review of the record and the arguments presented, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that his plea was not knowingly and voluntarily entered, or that trial counsel was

8



ineffective.[5] See Boykin v. Alabama, 395 U.S. 238 (1969); Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]; Vanater v. Boles, 377 F.2d 898 (4th Cir. 1967). Petitioner testified at the PCR hearing that his plea counsel told him that she had worked out a deal for him for fifteen (15) years, concurrent, nonviolent, and that he was devastated to receive the forty (40) years. (R.pp. 80-81). However, the record reflects that Petitioner affirmed to the judge at his guilty plea that he understood that the judge was not bound by the State's non-opposition to concurrent time. (R.p. 14). Petitioner also acknowledged to the judge that he understood that he was facing up to fifteen (15) years on each of the burglary second charges. (R.p. 15). Petitioner then confirmed that he understood the charges and all of the possible sentences, that he wanted to plead guilty, that it was his decision, that he was pleading of his own free will, and that he understood that other than the State allowing him to plead to some lesser included charges and enter the plea, that no one had offered him anything or promised him any kind of reward. (R.pp. 8-16). Petitioner also testified that no one had threatened him or coerced him in order to get him to plead guilty. (R.p. 9). Petitioner then testified that his counsel had discussed with him his right to a jury trial, that he wished to waive those rights, and that he had had an adequate opportunity to discuss with counsel any defenses to the charges that he may have had. (R.pp. 8-9).

      Petitioner's counsel testified at the PCR hearing that this was not a negotiated plea, that she discussed the maximum potential sentences that Petitioner was facing with him, and that she made it clear to the Petitioner that the judge was not bound by a recommendation from the Solicitor in this case. (R.p. 86). Further, counsel testified that she "specifically told him this could be

---

[5] Although it does not appear that the PCR Court addressed this issue as an ineffective assistance of counsel claim, that is the way the claim was briefed on appeal. Therefore, the undersigned has reviewed this claim under both standards.



consecutive in this case because it was in front of Judge Lloyd." (R.p. 86). Counsel also testified that the Solicitor would not agree to recommend concurrent sentences because the victims would not agree to that condition. (R.p. 88).

In rejecting this claim, the PCR court credited trial counsel's testimony and noted that the record showed that Petitioner had acknowledged at his plea that the trial court was not bound by the State's recommendation. There is no basis in the record or the applicable caselaw to overturn the findings of the state court with regard to this issue, or to otherwise find that counsel was ineffective in her representation. Evans, 220 F.3d at 312. While Petitioner now makes several allegations to explain how his plea was involuntary, the United States Supreme Court has ruled that "[r]epresentations of the Defendant, his lawyer and the prosecutor at [arraignment], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings...The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Here, the Petitioner has not provided the Court with any evidence that he did not intend to plead guilty to the charges, under oath to the presiding judge, without objection in open court.

Statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d 167, 171 (4th Cir. 1981). Petitioner has provided no evidence to show ineffective assistance of counsel in his case. See discussion, supra. Petitioner has therefore failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary



to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Bell v. Jarvis, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. This claim is without merit and should be dismissed.

### III.

In Ground Two of his Petition, Petitioner contends that his counsel was ineffective for failing to file a direct appeal, after he had asked her to do so. Although Petitioner raised this issue in his APCR, it was addressed by the PCR Judge in his order of dismissal, and it was also raised in appellate counsel's Johnson brief; (R.pp. 97-98; see also Johnson Brief, p. 2); the Respondent argues that the state appellate court review was pursuant to the "no merit" procedure and did not constitute a decision on the merits. See Respondent's Memorandum in Support of Summary Judgment, pp. 9-10. Therefore, Respondent argues that this issue is procedurally barred from consideration by this Court.

Pursuant to Johnson, counsel who seeks to withdraw because no nonfrivolous issues exist for review must submit a brief referencing anything in the record that arguably could support an appeal; a copy of that brief must be furnished to the Petitioner; and after providing the defendant with an opportunity to respond, the reviewing court must conduct an independent and complete examination of the proceedings to determine if further review is merited. See Johnson v. State, supra; Anders v. California, supra. Respondent argues that, since PCR counsel filed a Johnson brief and the state Supreme Court only ordered briefing on a different issue, this claim is procedurally barred for failure to exhaust. The undersigned agrees that, if the merits of this issue were not reached by the state appellate courts, the issue is procedurally barred from this Court's review. Coleman v.



11

Thompson, 501 U.S. 722, 750 (1991). However, neither party cites to any controlling precedent in this circuit addressing whether an issue preserved at the PCR level and raised in a Johnson petition, but not requested to be briefed by the state Supreme Court, is deemed to have been considered and dismissed on the merits by the state appellate court.

Some courts have held that an issue not presented in an Anders brief or in a pro se brief has not been reviewed on the merits.⁶ See Jorge v. United States, 818 F.Supp. 55, 57 (S.D.N.Y. 1993)["Having been thus placed in the possession of all of the facts relating to these claims, it is not sufficient for [Petitioner] to justify a failure to raise these claims on direct appeal merely because his appellate counsel filed an Anders brief because that counsel did nothing to prevent [Petitioner] from filing his pro se brief."]; Basnight v. Keane, No. 99-4826, 2000 WL 1100331 at * 4 (E.D.N.Y. Aug. 1, 2000); but cf. Greene v. Bartlett, 213 Fed.Appx. 597 599 n. 2 (9th Cir. 2006)["Our holding here is limited to circumstance where, as here, the state court is not required to fully examine the record for error.... We do not reach the question whether federal claims are exhausted by appending prior pleadings to the appeal when the state court is required to engage in an independent review of the entire record, as when counsel seeks to withdraw and submits an *Anders* brief. (Citations omitted)"]. However, here the issue *was* raised in the Johnson petition. Further, The United States Supreme Court has held that the Anders review procedure is prophylactic, and can be varied by the states as long as the procedures applied adequately safeguard a defendant's rights. Smith v. Robbins, 528 U.S. 259, 272-273 (2000). In State v. McKennedy, 559 S.E.2d 850 (S.C. 2002), the South Carolina Supreme Court held that claims presented in an Anders brief were presented on the merits for purposes of federal habeas review. McKennedy, 559 S.E.2d at 854-855. Cf. Washington v. Rushton,

---

⁶The procedures set forth in Anders are followed in petitions filed under Johnson. See Johnson v. State, supra. Therefore, for purposes of this Report and Recommendation, the standard discussed is the same.



No. 05-2394, 2006 WL 2050582 at * 2 (D.S.C. July 13, 2006).[7] Therefore, in light of Petitioner's pro se status, and since precedent on this issue is, at best, "muddled", out of an abundance of caution the undersigned has discussed Petitioner's second claim on the merits.

As noted, this issue was raised in Petitioner's APCR, and the PCR Court rejected this claim, making specific findings of fact and conclusions of law. See discussion, supra. Upon review of the record and materials in the file consistent with the applicable case law, I do not find that the Petitioner was denied effective assistance of counsel with respect to this claim. Counsel testified that she spoke with the Petitioner as soon as his plea was over because he did receive more than she expected him to receive and asked him if he wanted her to file an appeal. (R.pp. 86-87). Counsel testified that she explained to him that the judge had pretty much done everything correctly so she did not think that it would be in his best interest, but that she was surprised when he said no and she wrote it in her file because of that. (R.p. 87). Counsel also affirmed that there was a specific notation in her file that Petitioner did not want to appeal. (R.p. 87).

As previously discussed, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in §2254(d)(1), as interpreted by the Supreme Court in Williams v. Taylor, supra. See Bell v. Jarvis, supra; see also Fisher, 215 F.3d at 446; Evans, 220 F.3d at 312. Although Petitioner testified that he wanted to appeal and had instructed his counsel to do so, the PCR court credited counsel's testimony that she consulted with Petitioner about filing a direct appeal, explained the potential problems with succeeding in a direct appeal, that Petitioner told her

---

[7] Recently, the South Carolina Supreme Court held that a decision by the South Carolina Court of Appeals dismissing an appeal after conducting a review pursuant to Anders is not a decision on the merits. See State v. Lyles, 673 S.E.2d 811 (S.C. 2009). This decision did not, however, discuss or even reference the Court's earlier opinion in McKennedy.

13



not to file a direct appeal, and that she made a written notice of his wishes in her file. Petitioner has failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Bell v. Jarvis, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. Therefore, this claim is without merit and should be dismissed. Fisher, 215 F.3d at 446-447; Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000)[no ineffective assistance of counsel if counsel consults with defendant about appeal and honors defendant's decision].

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

October 6, 2009

Charleston, SC

14



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

