UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| George Jenkins, ) | Civil Action No.: 9:09-cv-00057-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden Robert Stevenson, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, a state prisoner proceeding *pro se*, brought this suit seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently an inmate at the Broad River Correctional Institution in Columbia, South Carolina.

Respondent filed a return and motion for summary judgment on May 20, 2009. Because Petitioner is proceeding *pro se*, this court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on May 21, 2009, advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to adequately respond. After receiving an extension of time to respond, Petitioner filed a response in opposition to the motion for summary judgment on July 1, 2009, with an additional response being filed on July 2, 2009.

This matter is now before the court with the [Docket Entry 28] Report and Recommendation of United States Magistrate Judge Bristow Marchant[1] filed on October 7, 2009. In his Report, the Magistrate Judge recommended that Respondent's motion for summary judgment should be granted. Petitioner timely filed objections to the Report.

---

[1] This matter was automatically referred to Magistrate Judge Marchant pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rules 73.02(B)(2)(c) and (e) (D.S.C.).

**Background**

During the April, May, and June 2004 terms, the Richland County Grand Jury indicted Petitioner for a litany of charges, including several 1st and 2nd degree burglaries, and numerous petit larcenies. *See* Indictment Sheets [Docket Entry 19, Attach. 4]. He was also indicted for failure to stop for a blue light. *Id.*

Assistant Public Defender April W. Sampson represented Petitioner on these charges, and on April 8, 2005, Petitioner pled guilty to the charges. Appendix [Docket Entry 19, Attach. 1] at 1-32. In return for the plea, the State agreed to (1) to reduce all the 1st degree burglary charges to 2nd degree, and (2) to not oppose concurrent sentencing, although the State could ask for the maximum on each charge. *Id.* The trial judge sentenced Petitioner to forty (40) years imprisonment, by giving Petitioner consecutive sentences of fifteen (15) years, fifteen (15) years, and ten (10) years on three of the 2nd degree burglary charges. *Id.* at 30-32. Petitioner was given concurrent sentences for the remaining pending charges. *Id.* Petitioner did not appeal his convictions or sentences.

On July 7, 2005, Petitioner filed an application for State post-conviction relief ("PCR") raising the following grounds: (1) Ineffective Assistance of Counsel, (2) Guilty Plea was not knowingly, intelligently, and voluntarily made, and (3) Counsel failed to put plea agreement on th record. *Id.* at 34.

Petitioner subsequently amended his application for PCR relief to the following issues: (1) Was the plea invalid due to a promised particular sentence not upheld by the trial court judge? (2) Were the pleas in violation of *Boykin v. Alabama*? (3) Were the pleas in violation of

South Carolina Law? and (4) Did the Judge's bias result in an invalid plea conviction and sentence? *Id.* at 48.

On April 17, 2007, the PCR judge entered an order denying Petitioner's PCR claims. Appendix [Docket Entry 19, Attach. 3] at 93-99. Petitioner timely filed a notice of appeal. On appeal, Petitioner was represented by Robert M. Pachak, Assistant Appellate Defender, who filed a *Johnson*[2] brief seeking to be relieved as counsel and raising the issue of whether there was any evidence to support the PCR judge's findings that Petitioner was not entitled to a belated appeal of his guilty plea. *Johnson* Petition [Docket Entry 19, Attach. 5] at 2. Petitioner also filed a *pro se* brief in support of his appeal.

On March 20, 2008, the Supreme Court of South Carolina denied counsel's request and ordered further briefing of the following issue:

> Was petitioner's plea knowingly and voluntarily entered due to the sentence imposed?

*See* Order [Docket Entry 19, Attach. 7].

Petitioner's counsel then filed a Petition for Writ of Certiorari dated April 16, 2008, addressing the issue, which the South Carolina Supreme Court ultimately denied. Order [Docket Entry 19, Attach. 10].

In this petition for habeas relief, Petitioner raises the following grounds:

Ground One: Petitioner's plea was not knowingly and voluntarily entered due to the sentence imposed

Trial counsel for Petitioner informed Petitioner that if he pled guilty his sentences would run concurrent and Petitioner would face a maximum of fifteen years in prison. Petitioner pled guilty and received forty years. Petitioner would not have

---

[2]  *Johnson v. State*, 364 S.E.2d 201 (S.C. 1998); *see also Anders v. California*, 386 U.S. 738, 744 (1967).

pled guilty and would have insisted on going to trial but for counsel's erroneous advice.

Ground Two: Petitioner was denied a direct appeal.

Immediately following his sentencing, Petitioner informed trial counsel that he wanted her to file a direct appeal for him. Counsel agreed to file the appeal but never did.

Petition [Docket Entry 1] at 6-7.

## **Standard of Review of Magistrate Judge's Recommendation**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the untimely filing of objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## Standard of Review in a § 2254 Petition

Title 28 U.S.C. § 2254 states in pertinent part that:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

Moreover, substantial deference is to be given to the State court's findings of fact. *Evans v. Smith*, 220 F.3d 306, 311-12 (4th Cir. 2000). Section 2254(e)(1) states that a "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Therefore, this court must be mindful of this deferential standard of review in considering Petitioner's claims.

## Voluntariness of Guilty Plea

The United States Supreme Court has articulated a two-prong test to use to determine whether counsel was constitutionally ineffective. *Strickland v. Washington*, 466 U.S. 668 (1984). To meet the first prong, Petitioner must show that counsel's representation was deficient, by determining whether the "representation fell below an objective standard of reasonableness under prevailing professional norms." *Id.* at 688. In meeting the second prong, Petitioner must show that he was prejudiced before being entitled to reversal: "The defendant must show that

5

there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694-95. The Supreme Court clarified the meaning of prejudice in *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993), holding that an appropriate inquiry for prejudice is a consideration "whether the result of the proceeding was fundamentally unfair or unreliable." Additionally, the *Strickland* test applies when a petitioner challenges his guilty plea based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). However, where a guilty plea is involved, in order to show prejudice a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 58-59.

Petitioner asserts that his trial counsel told him that his sentences would run concurrently and that he would face a maximum of fifteen (15) years in prison, that his counsel was ineffective by giving him this erroneous advice, and that he would not have pled guilty if he had known that he would receive the forty (40) year sentence. This claim was addressed and denied by the PCR court.[3]

After reviewing the record, this court concludes that Petitioner has failed to meet his burden of showing that his plea was not knowingly and voluntarily entered, or that counsel was ineffective. At the PCR hearing, Petitioner testified that his plea counsel told him that she had worked out a deal whereby he would only be sentenced to a maximum of fifteen (15) years in prison, and that he would not have pled guilty if he would have known he would ultimately receive the forty (40) year sentence. However, notwithstanding Petitioner's allegations, a review

---

[3] As the Magistrate Judge noted, it appears the PCR court addressed Petitioner's claim relating to his guilty plea as a failure by the court to comply with the requirements of the plea agreement. Appendix [Docket Entry 19, Attach. 3] at 95-98.

of the trial court transcript shows that Petitioner acknowledged to the judge that he understood that the judge was not bound by the State's non-opposition to concurrent time and that he understood he was facing up to fifteen (15) years on each individual burglary second charges. Appendix [Docket Entry 19, Attach. 1] at 14-15. He also acknowledged that he understood the charges, along with all possible sentences, and that he was pleading guilty of his own free will. *Id.* Moreover, Petitioner's trial counsel testified at the PCR hearing that this was not a negotiated plea, and that she had discussed with Petitioner the maximum sentences that he faced and that the court was not bound by the Solicitor's recommendation. Appendix [Docket Entry 19, Attach. 1] at 86. Petitioner has also failed to set forth any evidence showing that his trial counsel was ineffective. In denying Petitioner's claim, the PCR court credited trial counsel's testimony and noted that Petitioner acknowledged during his plea that the trial court was not bound by the State's recommendation.[4]

Mindful of this court's deferential standard of review as set forth in § 2254(d), this court agrees with the analysis of the Magistrate Judge. Other than Petitioner's general allegations, he has not set forth evidence sufficient to show that the PCR court's determination of his claims resulted in a decision that was contrary to, or involved an unreasonable application of,

---

[4] In *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) the United States Supreme Court held that:

> [T]he representations of the defendant, his lawyer, and the prosecutor at [arraignment], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Likewise, the Fourth Circuit Court of Appeals has held that "statements at arraignment that facially demonstrate the validity of [one's] plea are conclusive unless he presents reasons why this should not be so." *Via v. Superintendent, Powhatan Corr. Center*, 643 F.2d 167, 171 (4th Cir. 1981).

established federal law, or was an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In his objections, Petitioner correctly asserts that plea agreements can be enforced pursuant to contract law. Here, the State did not oppose concurrent time and agreed to lessen the 1st degree burglary charges to 2nd degree, however, no other agreement was in place. As stated above, there was no guarantee of concurrent time by the court or State, and Petitioner acknowledged to the trial judge that he understood this to be the case. Moreover, Petitioner's allegation that counsel's representation was ineffective because counsel failed to notify Petitioner of the "*Harden-Medlin* procedure" and that the judge could participate in the plea negotiation process[5] is both without merit and procedurally barred,[6] and he has failed to show the "cause" and "prejudice," or "actual innocence," necessary to overcome such a procedural bar. *See Roach v. Angelone*, 176 F.3d 210, 221 (4th Cir. 1999) (holding that "absent a showing of actual innocence or cause and prejudice, this claim is procedurally barred from federal habeas review"); *see also Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) ("We therefore require a prisoner to demonstrate cause for his state-court default of *any* federal claim, and prejudice therefrom, before the federal habeas court will consider the merits of that claim."); *Thomas v. Davis*, 192 F.3d 445, 450 n.2 (4th Cir. 1999) (similar holding).

---

[5] Petitioner contends that his counsel should have informed him of the "*Harden-Medlin* procedure." However, those cases merely hold that a trial judge can participate in the plea bargaining process so long as he follows guidelines to minimize the fear of coercion. They do not guarantee a right to have the judge participate in the plea bargaining process, nor do they guarantee the right to receive a plea agreement. Rather, the cases set forth the standards for a judge to follow when participating in plea negotiations or presiding over guilty plea proceedings. *See Harden v. State*, 277 S.E.2d 692 (S.C. 1981) and *Medlin v. State*, 280 S.E.2d 648 (S.C. 1981).

[6] The first time Petitioner raised this allegation was in his objections to the Report and Recommendation. He failed to raise this allegation at any other stage during his State PCR and Federal habeas corpus suits.

**Denial of Direct Appeal**

In Ground Two, Petitioner contends that his counsel was ineffective for failing to file a direct appeal, after he asked her to do so.[7] The PCR court considered and denied this claim.[8]

After reviewing the record, Petitioner was not denied effective assistance of counsel with respect to a direct appeal. In the PCR hearing, trial counsel testified that she spoke with Petitioner immediately after the sentencing to ascertain whether he desired to file an appeal. Appendix [Docket Entry 19, Attach. 2] at 86-87. She also testified that even though she explained to Petitioner that the judge did almost everything correctly, she was still surprised when he stated that he did not want to pursue an appeal. *Id.* at 87. Moreover, counsel explained that she actually made a special notation in her file regarding Petitioner's desire not to appeal. *Id.* Although Petitioner now contends that he wanted to pursue an appeal and instructed his counsel to do so, the PCR court credited his counsel's testimony regarding Petitioner's desire not to pursue such an appeal. As the Magistrate Judge correctly noted, "Petitioner has failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable." Report [Docket Entry 28] at 14.

In his objections, Petitioner does not set forth any evidence, other than his own alleged statements, showing that he instructed his trial counsel to pursue an appeal. Although he questions his trial counsel's methods, asking why she did not have him sign a document regarding his desire not to appeal, this court is once again mindful of the deferential standard of

---

[7] For the same reasons stated by the Magistrate Judge in his Report, the court treats this claim as not being procedurally barred and will address Petitioner's second ground out of an abundance of caution. *See* Report [Docket Entry 28] at 11-13.

[8] As noted by the Magistrate Judge, it appears that the PCR court addressed this claim as an ineffective assistance of counsel claim. Appendix [Docket Entry 19, Attach. 3] at 95-98.

review owed to the PCR court's findings. In this case, the PCR court was able to observe both trial counsel's and Petitioner's testimony at the PCR hearing. After which, the PCR court credited trial counsel's testimony and found that she properly informed Petitioner of his right to appeal, and that Petitioner expressed his desire not to appeal. Petitioner has not shown that the State PCR court's rejection of this claim was unreasonable.

## Conclusion

This court has reviewed the Report, objections, pleadings, and applicable law. For the reasons stated above and by the Magistrate Judge, this court overrules all of Petitioner's objections and hereby adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. Respondent's Motion for Summary Judgment is **GRANTED** and this case is hereby **DISMISSED** *with prejudice*.

**IT IS SO ORDERED.**

        s/ R. Bryan Harwell
        R. Bryan Harwell
        United States District Judge

November 18, 2009
Florence, South Carolina